Russell S. Thompson, IV (029098)
Michael Rolland (030744)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
mrolland@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daesy Lozano, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| National Credit Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1. Plaintiff Daesy Lozano ("Plaintiff") brings this action against Defendant National Credit Systems, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Laveen.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, residential apartment charges (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. Plaintiff lived with her roommate in Clear Creek Village Apartments in Flagstaff, Arizona until their lease expired on August 1, 2014.

12. On August 1, 2014, Plaintiff and her roommate returned their keys to the management office and moved out.

13. At that time, Clear Creek Village did not tell Plaintiff or her roommate that they owed any outstanding charges.

14. In or about June 2015, Defendant began placing telephone calls to Plaintiff's cellular phone, and left several voice mail messages.

15. The first such voice mail message that Defendant left was its initial communication with Plaintiff in connection with the collection of the Debt.

16. On at least one of these calls, Defendant demanded that Plaintiff pay approximately $850 in full payment of the Debt.

17. On this call, Defendant portrayed the Debt as being a single debt, not two separate debts.

18. Plaintiff asked for proof of the Debt and any related details, but instead of providing the requested information, Defendant stated that they had already mailed information to Plaintiff.

19. Plaintiff advised Defendant that she had not received any letters.

20. Defendant gave Plaintiff the address they had mailed the letters to—as it turned out, Defendant had sent the letters to her mother's address.

21. Plaintiff provided Defendant with her new address, so that Defendant could mail her information regarding the Debt.

22. Plaintiff then called Clear Creek Apartments directly to inquire about the Debt.

23. Clear Creek Apartments told Plaintiff that they did not know anything about the Debt, and did not have a record of outstanding charges for either Plaintiff or her roommate.

24. A couple of weeks after providing Defendant with her updated address, Plaintiff received two letters from Defendant, each dated March 27, 2015.

25. True and correct copies of Defendant's March 27, 2015 letters are attached as Exhibit A and Exhibit B.

26. Upon information and belief, these were copies of the same letters Defendant claimed it had previously mailed to Plaintiff's mother's home address.

27. Neither of the March 27, 2015 letters contain the disclosures required in an initial communication by 15 U.S.C. § 1692g(a).

28. Plaintiff has never received the disclosures required in an initial communication by 15 U.S.C. § 1692g(a).

29. Upon information and belief, Defendant has never provided, or even attempted to provide, Plaintiff with the disclosures required in an initial communication by 15 U.S.C. § 1692g(a).

30. One of the March 27, 2015 letters stated that Plaintiff owed $107.00 for Account #: 3065344, "Re: CLEAR CREEK VILLAGE/316." Exhibit A.

31. The other March 27, 2015 letter stated that Plaintiff owed $750.00 for Account #: 3065345, "Re: SURE DEPOSIT/CLEAR CREEK VILLAGE/3330956." Exhibit B.

32. By referencing different balances, account numbers, and "Re:" entries, Defendant's letters indicate that there are two separate debts. *Compare* Exhibit A *with* Exhibit B.

33. However, upon information and belief, if any Debt even exists, it is only a single debt.

34. Furthermore, as "Re:" is typically understood to simply mean "regarding," the least sophisticated consumer would not know whether the "Re:" entries provide the identity of the current creditor.

35. For example, the least sophisticated consumer could reasonably interpret the "Re:" entries as providing the identity of the original creditor.

36. Indeed, especially given that the "Re:" entries list information other than CLEAR CREEK APARTMENTS—such as SURE DEPOSIT, 316, and 3330956—the least sophisticated consumer could reasonably believe that these entries don't provide the identity of the creditor at all.

37. Therefore, the May 27, 2015 letters failed to meaningfully convey the identity of the current creditor.

38. The May 27, 2015 letters also failed to provide any additional information providing the basis for the Debt, as Plaintiff had requested.

Complaint - 5

39. During the following one month period, Defendant continued to call Plaintiff approximately every other day in connection with the collection of the Debt.

40. Given Defendant's prior unwillingness to respond to Plaintiff's requests for information about the Debt, and because Clear Creek Apartments had told Plaintiff they had no knowledge of the Debt, Plaintiff did not believe Defendant had the right to collect the Debt and suspected Defendant of operating a scam. For this reason, Plaintiff ignored Defendant's debt collection attempts.

41. On or about November 2015, Plaintiff obtained a copy of her credit report and saw that Defendant had reported negative information regarding the Debt to the credit bureaus.

42. Defendant had reported to the credit bureaus that Plaintiff has two separate delinquent accounts.

43. Moreover, Defendant reported one delinquent account as having a balance of $107, and listed the original creditor of the account as being "CLEAR CREEK VILLAGE."

44. Defendant reported the second delinquent account as having a balance of $750, and listed the original creditor of the account as being "SURE DEPOSIT/CLEAR CREEK VIL."

45. Upon information and belief, "SURE DEPOSIT/CLEAR CREEK VIL" is not the correct name of a creditor.

46. By reporting that Plaintiff had two separate delinquent accounts, when in fact there is only a single Debt, Defendant reported inaccurate information to the credit bureaus with respect to the Debt.

47. By reporting that Plaintiff's accounts are owed to different original creditors, when in fact the Debt is owed to a single creditor, Defendant reported inaccurate information to the credit bureaus with respect to the Debt.

48. Inaccurately reporting the Debt as multiple delinquent accounts is an unconscionable practice in connection with the collection of the Debt, as it has an unduly negative impact on Plaintiff's credit rating.

49. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated March 8, 2016.

50. A true and correct copy of Defendant's March 8, 2016 letter is attached as Exhibit C.

51. Defendant's March 8, 2016 letter was again mailed to Plaintiff's mother's home address.

52. Since Plaintiff had previously told Defendant that she did not live with her mother, Defendant knew that it was sending its March 8, 2016 letter to the incorrect address.

53. Additionally, Defendant's March 8, 2016 letter only seeks to collect a balance of $750 for Account #: 3065345, and makes no reference to the "other" account for $107.

# COUNT I
# VIOLATION OF 15 U.S.C. § 1692e

54. Plaintiff repeats and re-alleges each factual allegation contained above.

55. Defendant violated 15 U.S.C. § 1692e by using false deceptive, or misleading representation or means in connection with the collection of the Debt, including by attempting to collect an invalid Debt.

56. Alternatively, Defendant violated 15 U.S.C. § 1692e by sending letters to Plaintiff stating that the Debt is two separate accounts, and implying that these accounts were owed to different original creditors, when in fact Plaintiff owes a single debt owed to a single creditor.

57. Defendant also violated 15 U.S.C. § 1692e by reporting inaccurate information about the Debt to the credit bureaus when it stated that the Debt is two separate accounts owed to two different original creditors.

58. Alternatively, if the Debt is in fact two separate debts owed to separate creditors, Defendant violated 15 U.S.C. § 1692e when, in its telephone conversation with Plaintiff, Defendant's statements conveyed that Plaintiff owed approximately $850 to a single creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e;
  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;
  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

59. Plaintiff repeats and re-alleges each factual allegation contained above.

60. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of the Debt, including by attempting to collect an invalid Debt.

61. Alternatively, Defendant violated 15 U.S.C. § 1692e(2)(A) by sending letters to Plaintiff stating that the Debt is two separate accounts, and implying that these accounts were owed to different original creditors, when in fact Plaintiff owes a single debt owed to a single creditor.

62. Defendant also violated 15 U.S.C. § 1692e(2)(A) by reporting inaccurate information about the Debt to the credit bureaus when it stated that the Debt is two separate accounts owed to two different original creditors.

63. Alternatively, if the Debt is in fact two separate debts owed to separate creditors, Defendant violated 15 U.S.C. § 1692e(2)(A) when, in its telephone conversation with Plaintiff, Defendant's statements conveyed that Plaintiff owed approximately $850 to a single creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(8)

64. Plaintiff repeats and re-alleges each factual allegation contained above.

65. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including when Defendant reported inaccurate information about the Debt to the credit bureaus by listing the Debt as delinquent, when in fact there is no basis for the Debt.

66. Defendant also violated 15 U.S.C. § 1692e(8) by reporting the Debt to the credit bureaus as two separate accounts owed to two different original creditors, when in fact, if any Debt even exists, it is a single debt owed to a single creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(10)

67. Plaintiff repeats and re-alleges each factual allegation contained above.

68. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect the Debt, including by attempting to collect an invalid Debt.

69. Alternatively, Defendant violated 15 U.S.C. § 1692e(10) by sending letters to Plaintiff stating that the Debt is two separate accounts, and implying that these accounts were owed to different original creditors, when in fact Plaintiff owes a single debt owed to a single creditor.

70. Defendant also violated 15 U.S.C. § 1692e(10) by reporting inaccurate information about the Debt to the credit bureaus when it stated that the Debt is two separate accounts owed to two different original creditors.

71. Alternatively, if the Debt is in fact two separate debts owed to separate creditors, Defendant violated 15 U.S.C. § 1692e(10) when, in its telephone conversation with Plaintiff, Defendant's statements conveyed that Plaintiff owed approximately $850 to a single creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692f

72. Plaintiff repeats and re-alleges each factual allegation contained above.

73. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt, including by sending letters to Plaintiff attempting to collect an invalid Debt.

74. Alternatively, Defendant violated 15 U.S.C. § 1692f by stating that the Debt is two separate accounts and implying that these accounts were owed to different original creditors when, in fact, it is a single debt owed to a single creditor.

75. Defendant also violated 15 U.S.C. § 1692f by reporting inaccurate information about the Debt to the credit bureaus when it stated that the Debt is two separate accounts owed to two different original creditors.

76. Alternatively, if the Debt is, in fact, two separate debts owed to separate creditors, Defendant violated 15 U.S.C. § 1692f when, in its telephone conversation with Plaintiff, Defendant's statements conveyed that Plaintiff owed approximately $850 to a single creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(a)

77. Plaintiff repeats and re-alleges each factual allegation contained above.

78. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the required notices in its initial communication with Plaintiff or within five days thereof.

79. Defendant also violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey the identity of the current creditor in its initial communication with Plaintiff or within five days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

80. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 10, 2016

Respectfully submitted,

s/ Russell S. Thompson, IV

Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

s/ Michael Rolland
Michael Rolland (030744)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 334-4434
Facsimile: (866) 317-2674
mrolland@consumerlawinfo.com
Attorneys for Plaintiff